MILWAUKEE LINEN SUPPLY COMPANY, Appellant, vs. RING, Respondent.

*January 9—February 7, 1933.*

Robert B. Ells of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of Alfred C. Rudolph of Milwaukee.

FOWLER, J. The contract in suit is one in restraint of trade which is tersely defined as one whose "performance would limit competition in any business or restrict a promisor in the exercise of a gainful occupation." Such a contract "is illegal if the restraint is unreasonable," and such a contract "is unreasonable . . . if . . . it (a) is greater than is required for the protection of the person for whose benefit the restraint is imposed, or (b) imposes undue hardship upon the person restricted." Restatement of the Law of Contracts, secs. 513, 514, 515. It will be observed that the findings of the learned trial judge designated above as (17) and (18) find as facts that the contract in suit is unreasonable as violating (a) above, and in effect for violating (b). Finding (17) appears to us to be amply supported by the evidence as does (18) when other evidentiary facts found are considered in connection with it.

The appellant contends that the decision of the trial court is in direct conflict with the decision of this court in *Eureka Laundry Co. v. Long,* 146 Wis. 205, 131 N. W. 412. It might so seem, at first blush. The contracts involved are practically alike in their terms. But a contract in restraint of trade may be valid as applied to one set of circumstances, and invalid as applied to another set. The circumstances involved in the two cases are dissimilar in many respects. There the defendant was a driver of a wagon collecting and delivering laundry, and the injunction issued only restrained him from operating in violation of his contract upon the route on which he had served the plaintiff; here the plaintiff seeks to enjoin the defendant from soliciting in the entire city of Milwaukee and its suburbs, and the employee was not a driver, but a route manager only and had no contacts with the customers except as he saw them while collecting overdue accounts, adjusting complaints, or soliciting resumption of patronage where customers had discontinued the plaintiff's business. There the defendant left plaintiff's employment and entered that of a rival concern; here the defendant was discharged by the plaintiff. There it does not appear that the defendant was not fit for and might not procure other employment and he was not prevented from entering employment of the same nature in other portions of the city; here he is enjoined from following anywhere in the city or practically in the whole county of Milwaukee the only occupation he is fit or qualified to follow. There, there was no intimation or indication that the defendant would be likely to become a public charge if the injunction were granted; here such likelihood is quite apparent, in view of the prevailing conditions of unemployment of which the court should take judicial notice. There the relations between the driver and the customer were direct and intimate; here direct contacts were limited and comparatively few.

There the defendant had personal acquaintance with all of the customers in the territory in which he was enjoined from operating; here the defendant had such acquaintance with only 100 out of 2,500 customers of plaintiff. There the defendant had been operating as a driver in the entire district in which his operation was enjoined up to the immediate time; here the defendant was not a driver at the immediate time and his service as driver had terminated two years previous and had been limited to one route of the five maintained by the plaintiff, and to another route which he had served several years prior. There the injunction ran against soliciting, contrary to the contract in suit, customers whom the defendant had served by delivering and collecting laundry; here the provision of the contract in suit respecting calling for or delivering does not apply because limited to calling for and delivering *under the contract,* and the defendant's calling for and delivering was not done under the contract, but before his contract as route manager was entered into when he was employed as a driver.

The differences between the facts in the two cases justify the difference in the judgments, when we consider the reasons that have governed and should govern courts in determining the validity of contracts in restraint of employment and in denying injunctional relief upon them. Formerly the sole reason for holding contracts in restraint of trade void was that they were contrary to public policy because the public should have the benefit of the services and business ability of everybody everywhere. With change of conditions this in time came to be modified so that such contracts were considered valid if reasonable for the protection of the business for which the restraints of the contract were imposed. This has again been modified so that the interests not only of the public and the business for which the restraint is imposed but also of the party restrained are considered, and if the restraint is reasonable upon consider-

ation of all these interests it is valid. This view was expressed by Lord MACNAGHTEN in 1895 in *Nordenfelt v. Maxim-Nordenfelt G. & A. Co.* on appeal to the House of Lords, 11 Reports, 1, 27, as follows:

"The public have an interest in every person's carrying on his trade freely; so has the individual. All interference with individual liberty of action in trading, and all restraints of trade of themselves, if there is nothing more, are contrary to public policy, and therefore void. That is the general rule. But there are exceptions: restraints of trade and interference with individual liberty of action may be justified by the special circumstances of a particular case. It is a sufficient justification, and, indeed it is the only justification, if the restriction is reasonable,—reasonable, that is, in reference to the interests of the parties concerned, and reasonable in reference to the interests of the public, so framed and so guarded as to afford adequate protection to the party in whose favor it is imposed, while at the same time it is in no way injurious to the public."

The question always resolves itself into "what is a reasonable restraint with reference to the particular case." Id. p. 32. "Any restraint is unreasonable" which is more extensive "than the interests of the party with whom the contract is made can possibly require." Id. p. 34. There is greater scope of restraint in contracts between vendor and vendee than between employer and employee. In the latter class of cases there is "small scope for the restraint of the right to labor and trade and a correspondingly small freedom of contract." In such cases "in order that the court may uphold and enforce a restriction, . . . the court must find that the facts alleged disclose a restriction on the employee reasonably necessary for the fair protection of the employer's business or rights, and not unreasonably restricting the rights of the employee, due regard being had to the interests of the public and the circumstances and conditions under which the contract is to be performed." *Samuel Stores v. Abrams,* 94 Conn. 248, 108 Atl. 541, 9 A. L. R. 1450, 1454, and cases there cited. If the reasonable and

fair protection of plaintiff's business does not require such extended restriction of the defendant's field of employment as the contract provides the restraint is unreasonable. "Public policy requires that the defendant's liberty of action in trading or employment shall not be unduly restricted." *Samuel Stores v. Abrams,* 94 Conn. 248, 108 Atl. 541, 544, 9 A. L. R. 1455. "The test which the law prescribes in all such cases is this: the restraint, in order to be valid, must be only such as is necessary to afford a fair protection to the party in favor of whom it is given, and not so large as to interfere with the interest of the public." *Sternberg v. O'Brien,* 48 N. J. Eq. 370, 22 Atl. 348, 349. A restraint that is unreasonable as to the defendant is prejudicial to the public, and is therefore not enforceable. *Morris v. Saxelby,* Ann. Cas. 1916 D, 537, 538. These rules are stated generally in 3 Williston on Contracts, § 1643. The learned trial judge had them clearly in mind in deciding the case and his findings clearly throw the case outside the field of injunctional relief.

*By the Court.*—The judgment of the circuit court is affirmed.