WISCONSIN ICE & COAL COMPANY, Respondent, vs. LUETH, Special Administratrix, Appellant.

*October 11—November 7, 1933.*

For the appellant there was a brief by *Hayden & Hayden* of Milwaukee, and oral argument by *Thomas W. Hayden, Jr.*

For the respondent there was a brief by *Houghton, Neelen & Houghton* of Milwaukee, and oral argument by *Albert B. Houghton* and *Harvey L. Neelen.*

WICKHEM, J. Prior to the execution of the contract involved herein, plaintiff company purchased the business and good will of the Kilbourn Road Ice Company, which did business in the territory included in the contract. Defendant was an employee of the Kilbourn Company, and was employed, after the purchase by the plaintiff company, under a written contract of hire, by the terms of which he agreed, in consideration of the employment, that he would not, for a period of two years after leaving the employ of the plaintiff, either on behalf of himself or any other person or company, deliver ice or solicit business in certain territory in the city of Milwaukee which was specifically and particularly set forth in the contract by its street boundaries.

Defendant left the employ of the plaintiff company in November, 1930, and there is a dispute as to the circum-

stances. Defendant claims that he was advised by plaintiff's agents that his services would not be needed until the following spring, and that this constituted a constructive discharge of the defendant. It is contended by the plaintiff that defendant asked for a two weeks' vacation in November, 1930, was granted another two weeks, and ultimately quit the employment voluntarily. The court found, and the evidence sustains the finding, that defendant voluntarily quit plaintiff's employ.

The first contention of defendant is that the agreement upon which the injunction is based is without consideration and consequently unenforceable for the reason that plaintiff was not obligated to continue the employment for any definite period but could terminate it at pleasure. In Louisiana such a contract has been condemned as lacking "serious consideration" because of the circumstance mentioned. *Shreveport Laundries v. Teagle* (La. App.) 139 South. 563; *Blanchard v. Haber,* 166 La. 1014, 118 South. 117. This doctrine can hardly be sustained in a common-law jurisdiction, nor is it consistent with the rule in Wisconsin. *Eureka Laundry Co. v. Long,* 146 Wis. 205, 131 N. W. 412; *Milwaukee Linen Supply Co. v. Ring,* 210 Wis. 467, 246 N. W. 567.

Defendant's principal contention is that the agreement is void because the restraint imposed upon the defendant is unreasonable in territorial extent and not necessary for plaintiff's protection. This court has had occasion, in the *Eureka Laundry Company Case* and in the *Milwaukee Linen Supply Company Case,* to set forth the requisites for a valid restrictive covenant in contracts of employment. In the *Milwaukee Linen Supply Company Case* the court adopted the rule, as set forth in the Restatement of the Law of Contracts, to the effect that such a covenant "is illegal if the restraint is unreasonable," and that such a contract "is unreasonable . . . if . . . it (a) is greater than is required for the pro-

tection of the person for whose benefit the restraint is imposed, or (b) imposes undue hardship upon the person restricted."

The principal question upon this appeal is whether the territory covered by the restrictive covenant was unreasonably large in view of the circumstances. As is pointed out in the *Milwaukee Linen Supply Company Case,* a contract in restraint of trade may be valid as applied to one set of circumstances and invalid as applied to another set. The propriety of a territorial restriction must be considered in connection with the circumstances of the parties and the activities of the employee. When a business is sold, together with its good will, a restrictive covenant limiting the right of the vendor to engage in a similar business may not be broader in its territorial scope than the extent of the business sold, the good will of which is sought to be protected. *General Bronze Corp. v. Schmeling,* 208 Wis. 565, 243 N. W. 469. So in the case of the employee, the restrictive covenant must bear some relation to the activities of the employee. It must not restrain his activities in a territory into which his former work has not taken him or given him the opportunity to enjoy undue advantages in later competition with his employer. There is difficulty, however, in determining how broad this restriction may be. Defendant claims that under the rule of the *Milwaukee Linen Supply Company Case,* the restriction in cases of employees whose employment takes them over a definite route must not be greater than the route which limited their activities. Such a rule may easily be applied in cases where the employee has for some years prior to the contract been working for the employer in definitely limited territory, as was true in the *Eureka Laundry Company Case,* and where the restriction merely relates to this territory. In such a case the restriction would clearly be valid so far as the territorial extent of it is concerned, and it is to be doubted whether the territory

covered by the restrictive covenant could be further enlarged as a part of a new contract of employment. The principal difficulty arises, however, where the contract of employment containing the restrictive covenant initiates the relation of employer and employee. There the employee, at the time of executing the contract, has as yet no established route which will form a reasonable limit to the scope of the restrictive covenant. He may be assigned to work at any place within the territory actively canvassed by his employer. May the employer, in such a situation, designate a territory less than the entire territory covered by its business but greater than that which will be worked at any one time by the employee, and perhaps greater than ever will be worked by the employee during the course of his employment, and designate this territory as that to which the non-competing agreement is applicable? There is no question, from an examination of the record, that the territory described in the contract here involved is more extensive than that in which defendant worked for the Kilbourn Company. It is larger than that in which defendant, subsequent to the making of the contract, worked for the plaintiff; in fact, it was large enough, according to the evidence, to be cared for by some forty-five drivers, and larger than the defendant could work unless his employment for the plaintiff extended over a very long period of time. It may be argued, where the employer might at any time designate any portion of this territory to be canvassed and served by the defendant, that a restriction as to all of it is reasonable and necessary for plaintiff's protection. If such a contention is valid, a restrictive covenant could only be limited geographically by the territorial extent of the employer's business. In this case the employer did business over the whole of the city of Milwaukee and Milwaukee county, and such a theory as is suggested above would allow the employer to exact a covenant covering the entire county, upon the theory that it had the

right at any time to assign the employee to any portion of the territory, and that such a restriction might be necessary for its protection. We think this would break down all proper limitations upon this type of covenant. It is generally proper for the employer, by such a contract, to exact a covenant not to compete in such territory as may constitute the field of the employee's activities, but the covenant can go no further than this.

It is argued that the fact that the permanent injunction in this case limited the restriction to the actual route of the defendant has some materiality. To this we cannot agree. The question has to do not with the propriety of the limits in the injunctional order, but with the validity of the contract. If the contract is unreasonable in its territorial scope, and if the contract itself furnishes no basis for dividing the territory to which the restriction applies, the restrictive covenant is void and is not aided by the plaintiff's willingness to accept in the injunctional order a restriction that is proper in scope. *General Bronze Corp. v. Schmeling, supra.*

It is our conclusion that this restriction was broader than was called for by the necessities of the case, and that while the contract might in other respects be proper and valid, it cannot be enforced.

The contention of plaintiff that the question presented here is moot is based upon the fact that the period during which the injunction shall operate is past; that the injunction is no longer in force, and that defendant is dead. However, the injunction having been improvidently granted, with costs, the issue of damages and costs is still in the case, and it cannot be considered as being moot. *State ex rel. La Follette v. Kohler,* 202 Wis. 352, 232 N. W. 842.

For the foregoing reasons it follows that the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings according to law.