LIDDICOAT, Appellant, v. KENOSHA CITY BOARD OF EDUCATION, Respondent.

*September 6—October 2, 1962.*

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent there was a brief and oral argument by *K. Thomas Savage* of Kenosha.

HALLOWS, J. The plaintiff contends he has tenure because the condition placed upon his leave of absence was void and the breach thereof could not be a valid basis for voiding the subsequent contract for the school year beginning in September, 1959. The plaintiff relies on the class of cases involving covenants not to compete represented by *Milwaukee Linen Supply Co. v. Ring* (1933), 210 Wis. 467, 246 N. W. 567; *Eureka Laundry Co. v. Long* (1911), 146 Wis. 205, 131 N. W. 412; *Wisconsin Ice & Coal Co. v. Lueth* (1933), 213 Wis. 42, 250 N. W. 819; and *Fullerton Lumber Co. v. Torborg* (1955), 270 Wis. 133, 70 N. W. (2d) 585. The principles of those cases do not apply to these facts. The plaintiff was not bound by any promise not to work or not to compete. The Board of Education could not sue for breach of contract or enjoin the plaintiff because he worked during his leave of absence, whether as a teacher or otherwise.

Plaintiff sought to be relieved of his contractual obligation of teaching in October, 1958, on a medical leave-of-absence basis and thus preserve his tenure. He refused to take a seventy-five-day sick leave with pay. He attempted to dictate the condition of the leave to suit his purposes by his interpretation of the condition of the leave. Adequate

notice of the error of his interpretation was given him prior to his actual going on leave January 5, 1959, for the balance of the school year. Thus the plaintiff was faced with the choice of taking the leave as given, rejecting it, or attempting to have it modified to suit his wishes. On the facts as found, he took it as given and having violated the condition, claims on this appeal it was void.

Assuming arguendo the condition with its compulsion of loss of tenure was equivalent to a promise of the plaintiff not to engage in any gainful employment during the leave of absence, then the cases cited by the plaintiff would be applicable but not necessarily favorable to him. The test of the validity of a restraint on employment was restated in *Lakeside Oil Co. v. Slutsky* (1959), 8 Wis. (2d) 157, 162, 98 N. W. (2d) 415.[1]

The school system has a substantial interest in protecting the continuity of its teaching staff. Substitute teachers were difficult to obtain and changing teachers during the school year had a deleterious effect on the students. Tenure is for the benefit both of the school system and the teachers. It insures the teacher of a permanent position and insures the school system of the continued services of teachers and reduces the annual turnover of teachers and administrative problems. To protect this interest, the Board of Education may place upon the granting of a leave of absence restrictions which will reasonably protect that interest and prevent an abuse of such leaves of absence of their use for purposes determined by the school system to be detrimental to it, however beneficial to the teacher. Such condition was reasonably necessary for the protection of this interest.

---

[1] ". . . a restrictive covenant not to compete [or assuming *arguendo* that the same policies apply, a restrictive *condition*] should be reasonably necessary for the protection of the legitimate interests of the employer and at the same time should not be oppressive and harsh on the employee or injurious to the interests of the general public. This is the rule in Wisconsin."

We find no merit in the contention the condition would allow the plaintiff to work so long as he received no compensation and, therefore, it was an attempt to prevent him from enjoying the fruits of his labor. The purpose of the condition was to prevent the plaintiff on leave of absence for sickness from working or trying another type of job and still enjoy the security of tenure.

The condition of the leave of absence was not oppressive or harsh. Plaintiff was free to work or to cast about for a more-desirable job if he chose but at the risk of losing his tenure. It is not oppressive or harsh when one "cannot have his cake and eat it too."

Although this was a suit for declaratory relief, the trial court after making findings of fact, concluded the complaint should be dismissed and a judgment of dismissal was entered. The judgment in a suit for declaratory relief decided on its merits should be a declaratory adjudication whether the adjudication be in favor of or adverse to the plaintiff. See *David A. Ulrich, Inc., v. Saukville* (1959), 7 Wis. (2d) 173, 96 N. W. (2d) 612. No objection has been made to the form of the judgment and we do not believe it fatal, but we point out the proper practice requires a declaratory judgment to be declaratory in form and substance.

*By the Court.*—Judgment appealed from is modified to declare the contract of March 20, 1959, between the plaintiff and the Kenosha City Board of Education is null and void and, as so modified, the judgment is affirmed.