Charles S. Whitman, Jr., J.
Plaintiffs are trustees under a so-called Employees Profit Sharing Trust, under which certain payments are made to employees retiring from or leaving the *101 employ of S. C. Johnson & Son, Inc. Payments to the trust are made exclusively by the company mider a so-called deferred profit-sharing plan. The defendant after leaving the company applied for benefits under the plan and received from the trustees the sum of $7,826.94. In his application for benefits under the plan, defendant Oakes concededly stated that he was not going to engage in competition with S. C. Johnson So Son, Inc.
Section 7a of the said deferred profit-sharing plan read in part as follows: “ Notwithstanding any other provisions of this plan, an employee * * * who resigns for the purpose of engaging in competition with the company (as defined in Section 8c of this plan) shall have no rights under the plan.”
Section 8c of the said plan provided in part as follows: ‘ ‘ For the purpose of this plan, a participant or former participant shall be deemed to be engaged in competition with the company, if, without the consent of the individual trustees, he (1) engages directly or indirectly in any manner or capacity as principal, agent, partner, officer, director or employee, in any business or activity then competitive with any business or activity of the company ”.
It is conceded that when the defendant left the plaintiffs’ employ and before the defendant applied for benefits under the plan, the defendant became employed by another company that was in direct competition with S. C. Johnson & Son, Inc.
Plaintiffs seek recovery of the payment of $7,826.94 on the theory of fraudulent misrepresentation and also on the theory that defendant entered into a contract with plaintiffs whereby, in consideration of defendant’s promise not to compete, plaintiffs promised to pay him $7,826.94. The factual allegations of the complaint as amended are not disputed. If sections 7a and 8c of the contract as quoted are enforcible, plaintiffs are entitled to the return of the money.
Agreements not to compete are of ancient origin and are enforcible apparently if necessary for the protection of the former employer’s business and if sufficiently hedged around with restrictions so that they do not constitute contracts in restraint of trade. Thus in Paramount Pad Co. v. Baumrind (4 N Y 2d 393 [1958]) the Court of Appeals considered a contract whereby Paramount agreed to pay Baumrind, its former employee, $3,000, in return for Baumrind’s promise not to solicit (as a salesman) Paramount’s customers, for a period of three years. Baumrind further promised not to divulge the names of Paramount’s customers, and further to obtain the written permission of Paramount before accepting any position in the shoulder pad industry. The Court of Appeals held that the *102 restrictions exceeded the degree of protection to which Paramount was entitled in order to preserve its legitimate interests, and held further that, where the restraint imposed is more extensive than the legitimate interests sought to be protected, the restraint is invalid.
The contract in this case was by its own terms to be interpreted under the laws of the State of Wisconsin, and a contract similar to the Paramount contract was interpreted in Wisconsin in the case of Lakeside Oil Co. v. Slutsky (8 Wis. 2d 157 [1959]). There, the former employee agreed to refrain from competition for two years and it was further agreed that the competition to be avoided must be competition within Milwaukee County. In other words, the restriction on competition was limited to a particular time and to a particular place. These limitations were considered reasonable by the Wisconsin court and the agreement not to compete was upheld.
In the instant case there are no limitations whatsoever upon the restriction against competition. Plaintiffs urged in court (although not in their pleadings) that the payments here were gifts or gratuities rather than contractual payments, and that a gift can be made upon condition, and that a gift conditioned upon a promise not to compete would not be an agreement in restraint of trade under any circumstances. The plaintiffs cited a number of cases to this effect including Kristt v. Whelan (4 A D 2d 195) and McNevin v. Solvay Process Co. (32 App. Div. 610). To such an argument it would be enough to say that the plaintiffs brought their action on a contract theory and they must stand or fall on that theory. Moreover, the court holds that a gift has not been proved in this case. In the first place, corporations do not generally make gifts without consideration to their employees or to anyone else, and corporate officers and directors who vote to give away the assets of their corporation might well be in serious trouble with their stockholders and with provisions of State law as to ultra vires acts. Furthermore, it might embarrass a corporation to plead in the New York Civil Court that it had made a gift and then to claim before the Internal Revenue Bureau a deduction for a business expense. Plaintiffs’ witness testified that the purpose of the profit-sharing plan was to supplement payments made under a previously adopted (and still existing) pension plan, but did not explain why the original pension plan (not in issue here) had no clause against competing whereas this plan does have such a clause. The court is convinced that this trust and plan combined constitute an agreement to refrain from competition and not a gift on condition to a former employee.
*103 Since this agreement to refrain from competition is not limited in time or place, I hold that it is an agreement in restraint of trade and unenforcible. It is not necessary to strike down the whole agreement but merely this illegal limitation.
Plaintiffs also brought an action in fraud and proved (by admissions of the defendant) the elements of misrepresentation, scienter, reliance and damage. However, the misrepresentation consisted of a statement that the defendant would not compete with the plaintiffs and since the restraint on competition is invalid, I hold that the misrepresentation is not of a material fact and therefore is not actionable.
Judgment for the defendant.