Louis J. Capozzoli, J.
Defendant moves for accelerated judgment pursuant to CPLR 3211 (subd. [a], par. 7) and 3001 declaring that the contract provision challenged by the plaintiffs is valid and binding and that the defendant is not liable to the plaintiffs for commissions and for further relief dismissing the cause to the extent it purports to be a class or representative action and requiring that a separate cause be stated on behalf of each plaintiff.
Seller representatives engaged by defendant solicit and procure customers to purchase mutual fund contractual plans. The salesmen earn commissions and “continuing commissions ”. The latter are involved in this suit. Plaintiffs assert a claim of right to a declaration that former and present salesmen representatives have a vested right in such continuing commissions which cannot he defeated if perchance their contracts with the defendant are terminated and thereafter they engage in a competing business. Plaintiffs allege and concede that they are engaged in similar business with persons and firms other than the defendant. Nevertheless, they contend that the contract provision by which they forfeit continuing commissions is void and against public policy. The pertinent portion of paragraph 1 of the contract is as follows:
“(d) ‘ Continuing ’ commissions are payable to Soliciting Agent in accordance with the schedules annexed hereto ” # * *
“ (e) After the terminaion of this Agreement, ‘ Continuing ’ commissions as described in paragraph l-(d) will be paid to Soliciting Agent or to bis assigns or to his estate (as the case *794 may be) on all sales of contractual Plans sponsored by Company made by Soliciting Agent after January 1, 1956, provided:
* * #
“ (3) That the continuing commissions provided for in this subdivision (e) shall not be payable and shall immediately cease in the event that Soliciting Agent * * * in any wise acquires or obtains any interest, connection, or employment, either direct or indirect, with or by any dealer, underwriter or broker of securities, other than Company. Soliciting Agent agrees to immediately notify Company in writing of the happening of any of the events set forth herein, should the same occur before termination of this Agreement, or should the same occur after termination of this Agreement if it affects the payment of continuing commissions. ’ ’
There is no ambiguity in the contract. Continuing commissions cease if after termination there is competition, as it concededly exists here. The provision is not a negative covenant prohibiting engagement in a similar business but a contractual provision controlling the compensation to be earned, a contract which the parties are free to make. It does not violate section 340 of the General Business Law and that statute in its present form does not affect the conclusiveness of Sutherland v. Connecticut Mut. Life Ins. Co. (87 Misc. 383). (See Kristt v. Whelan, 4 A D 2d 195, affd. 5 N Y 2d 807.) As stated in Sutherland (p. 390): “ The contract violates no public policy; it does not obligate the plaintiff to desist from earning a livelihood in the insurance business. It merely provides that if he elects to engage in such business during the running of the policies which he has written he will not demand the commissions upon the renewals. This was a lawful condition. ’ ’ And in Kidd v. Oakes (39 Misc 2d 645 [App. Term, 1st Dept.]), the court stated: “ While the contention is that the contract results in unlawful restraint, yet an employee may legally undertake a restriction of his liberty to earn his living if he, by the contract, may be relieved of the restriction by forfeiting a contract right or by adhering to the provisions of the contract (Kristt v. Whelan, 4 A D 2d 195, affd. 5 N Y 2d 807; Liddcoat v. Kenosha City Bd. of Educ., 17 Wis. 2d 400; Pratt v. Short, 79 N. Y. 437).”
The motion is granted to the extent of awarding accelerated judgment declaring that the contract is not void and is not against public policy. It is unnecessary to pass upon the remaining branches of the notice of motion.