IOWA NATIONAL MUTUAL INSURANCE COMPANY, Appellant, v. LIBERTY MUTUAL INSURANCE COMPANY and another, Respondents.

*No. 352. Argued June 2, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 610.)

284

For the appellant there was a brief by *Block & Summers,* attorneys, and *Richard E. Rosenberg* of counsel, all of Janesville, and oral argument by *Mr. Rosenberg.*

For the respondents there was a brief by *Kenney, Korf & Pfeil* of East Troy, and oral argument by *Francis J. Korf.*

HALLOWS, C. J.  A demurrer to a complaint for declaratory relief is a proper pleading to raise the question of whether there exists a justiciable issue. *Boerschinger v. Elkay Enterprises, Inc.* (1965), 26 Wis. 2d 102, 132

N. W. 2d 258, 133 N. W. 2d 333. The admission of facts by the demurrer is to test the sufficiency of the complaint not to settle facts as a verity or as a basis for a judgment declaring rights. An action for declaratory judgment is not open to an objection on the ground that a declaratory judgment or decree is sought. However, in sec. 269.56 (6), Stats., the trial court is given the discretion to "refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." This discretionary power is not concerned with entertaining the action or considering the merits of the case but with entering or declining to enter the judgment or decree. In *Miller v. Currie* (1932), 208 Wis. 199, 203, 242 N. W. 570, we stated in reference to this discretionary power, "The discretion conferred by sub. (6) may therefore be exercised only upon the record as it exists when the entry of a judgment would be appropriate."

Consequently, the trial court was in error in treating the demurrer as a plea in abatement. When a justiciable issue is presented, a demurrer should be overruled and an answer put in and the rights declared. 1 Anderson, *Declaratory Judgments* (2d ed. 1951), p. 740, sec. 318. Incidentally, in the past in some actions for declaratory relief the rights have been declared in the opinion and the complaint dismissed, presumably on the theory that if the declaration is against the contentions of the plaintiff, the complaint should be dismissed. A suit for declaratory relief decided on the merits calls for a declaratory adjudication in the judgment whether the adjudication is in favor of or adverse to the plaintiff and the dismissal of the complaint is improper. *State ex rel. Brill v. Spieker* (1955), 271 Wis. 237, 72 N. W. 2d 906; *Liddicoat v. Kenosha City Board of Education* (1962), 17 Wis. 2d 400, 117 N. W. 2d 369; *City of*

*Milwaukee v. Milwaukee County* (1965), 27 Wis. 2d 53, 133 N. W. 2d 393.

Likewise, in the instant case the demurrer should have been decided as such. For the purpose of this appeal, we must view the trial court's order as one sustaining the demurrer on the ground no justiciable issue was then presented and therefore it is appealable. *Lounsbury v. Eberlein* (1957), 2 Wis. 2d 112, 86 N. W. 2d 12; *State v. Chippewa Cable Co.* (1963), 21 Wis. 2d 598, 124 N. W. 2d 616.

The issue presented is whether an insurer under a liability policy may have a declaration of its rights in respect to defending a pending lawsuit against its insured. Iowa argues that Byerly, its insured, breached the liability policy by failing to give notice of the accident "as soon as practical" and therefore it has no duty to defend the liability suit brought by Liberty against Byerly in federal court. Byerly contends Iowa is not entitled to declaratory relief because the question of its duty to defend does not create a justiciable controversy and the defense of the late notice goes only to liability under the policy, not the duty to defend, and to maintain a declaratory judgment action at this time would compound a conflict of interests between Iowa and Byerly which would be against public policy.

Iowa, by defending the federal case under a nonwaiver of rights agreement and reservation of rights agreement, should not be foreclosed from bringing a suit for declaratory relief to determine its liability to defend under its policy. To do so would destroy the purpose and effectiveness of the nonwaiver agreement and the reservation of rights agreement. Such agreements are in the public interest and furnish temporary protection to the insured even though it may turn out he was not entitled to such protection. Without such an agreement, an insurer would be forced to deny liability in order to protect itself and its defenses. Such agreement granted

no new rights to the insured and does not require Iowa to withdraw its defense or to wait until its liability is determined in federal court before it can have determined its duty to defend the action under the terms of its policy. Iowa did not waive its right to bring this suit.

Whether Iowa may at this time have its rights determined in a declaratory judgment action depends first upon the wording of its policy and second upon the purpose and scope of the Declaratory Judgments Act. The liability policy involved is not made a part of the record but the complaint alleges the requirement of giving notice of accident "as soon as practicable," a non-action clause, and that Iowa "agreed to defend any suit against the insured alleging . . . ." This latter language would create a duty to defend, not a right to take over the defense.

If the insurance policy granted the insurer only a right to defend or to control the action brought against its insured, Iowa would not be entitled to declaratory relief to review its decision or to determine whether it ought to defend or not. If, however, as alleged in the complaint, this policy places a duty upon the insurer to defend suits brought against the insured as is common in liability policies, then the duty to defend may become the subject of a justiciable question. The issue presented by the complaint is whether the failure to give notice of the accident is a defense under the policy not only to the liability to pay if Byerly is held liable but also a defense to its duty to defend Byerly whether he is liable or not. It is this defense issue that Iowa wishes to be determined in this declaratory judgment action and the time element is of the essence.

We think there is justiciable issue involved and Iowa is entitled at this time to its adjudication. In the past, this court has denied relief under the Declaratory Judgments Act to insurers of automobile liability policies involving policy defenses on the ground that in Wisconsin

such issues can be generally raised in the direct action suit against the insurer and it would be against public policy to allow the issue to be collaterally tried by declaratory relief. *New Amsterdam Casualty Co. v. Simpson* (1941), 238 Wis. 550, 300 N. W. 367. The *Simpson Case* was followed in *Allstate Ins. Co. v. Charneski* (1962), 16 Wis. 2d 325, 114 N. W. 2d 489, and the legislative policy was enunciated that the direct action statute was the basis which prevented an insurer of automobile liability insurance from taking advantage of the declaratory judgment.

In *Charneski* it was also pointed out that sec. 260.11, Stats., provided for a split or bifurcated trial on the questions of the liability of the insured and of insurance coverage which prevented the jury from becoming aware of the conflict of interest. It was also pointed out that if the trial court required the negligence issue to be tried first, which was then generally the practice, the insurance company might have to give a free defense in some cases. In 1963 this court by court rule revised sec. 260.11 so that it is discretionary with the trial court to grant a bifurcated trial and to determine which issue is to be determined first. Consequently, in many cases policy defenses are now tried before the liability issue and if the insurance company is successful that ends the matter.

The instant case was anticipated in *Charneski,* when we stated, page 332, "Where such statute is not applicable, declaratory relief has been used," and we cited *Hardware Mut. Casualty Co. v. Hartford Accident & Indemnity Co.* (1959), 6 Wis. 2d 457, 95 N. W. 2d 215. In that case while the issue was not directly raised, declaratory relief was used to settle the coverage question between two insurance companies being sued by a third party.

Byerly relies on *Selective Ins. Co. v. Michigan Mut. Liability Ins. Co.* (1967), 36 Wis. 2d 402, 153 N. W. 2d 523, as holding that declaratory relief cannot be granted

or at least is premature because Byerly may not be found liable in the federal court suit. This case is not controlling. The issue there presented was whether the insurance coverage provided by the plaintiff and the defendant insurance companies was primary or secondary, and that issue was premature. But in the instant case we are dealing with the duty to defend, not the duty to pay, and either Byerly or Iowa must defend the pending federal court action. All the facts needed to determine if Iowa has a duty to defend have occurred. We think the question should be decided now.

Since the Uniform Declaratory Judgments Act provides in sec. 269.56 (15), Stats., that it should be uniformly construed by the states and in harmony with the federal laws regarding declaratory judgments, it is desirous to consider decisions of other jurisdictions. While there seems to be a split of authority, we think the better line of decisions allows declaratory judgment on facts similar to those presented in this case. In Illinois apparently there is a split of authority in the intermediate appellate courts. In *State Farm Mut. Automobile Ins. Co. v. Morris* (1961), 29 Ill. App. 2d 451, 173 N. E. 2d 590, certiorari denied, 368 U. S. 878, 82 Sup. Ct. 124, 7 L. Ed. 2d 79, no relief was granted, while in *Farmers Automobile Ins. Asso. v. Janusick* (1961), 30 Ill. App. 2d 352, 174 N. E. 2d 705, the court thought the issue of whether an accident was covered by the policy was a justiciable issue.

The fact an insurer has undertaken the defense of an insured with reservations has been held not to preclude its right to ask for declaratory judgment in respect to its liability to defend especially where it has reserved the right to withdraw from the defense and thereafter withdrew at the request of the insured. *Maryland Casualty Co. v. Tindall* (8th Cir. 1941), 117 Fed. 2d 905. Most of the out-of-state cases allowing declaratory relief of insurance policies have construed questions of coverage including questions of ownership of the auto-

mobile, whether of permission of the driver within the meaning of the omnibus clause, whether the automobile was being operated by an unlicensed or prohibited driver, whether the automobile was being operated within the scope and purpose of the insured's business or carrying passengers for hire or for unpermitted or unauthorized use, and many similar coverage questions. *See* Annot. (1943), *Application of declaratory judgment acts to questions in respect of insurance policies,* 142 A. L. R. 8.

This annotation states, page 74: "The remedy of declaratory judgment has been considered proper to adjudicate an insurer's nonliability predicated upon the failure of the insured to give notice of the accident or of the claims or suits of the injured persons as required by the policy." *See also* 9A Uniform Laws Annotated, *Declaratory Judgments,* sec. 2, Notes 40 and 41. A case almost exactly in point, allowing declaratory relief, is *Porter v. Alabama Farm Bureau Mut. Casualty Ins. Co.* (1966), 279 Ala. 499, 187 So.2d 254, where the insurer refused to defend on the ground the insured had failed to give notice of the accident as soon as practicable.

Lastly, Byerly claims there is a conflict of interest and on the ground of public policy declaratory relief should not be granted while this exists. This argument is only partly true. The defense in the liability suit is Liberty's failure to give Byerly timely notice of the claim. In this suit, Iowa's position is that Byerly failed to give timely notice of the accident. These two problems do not necessarily raise a conflict of interest, but even if they did the conflict does not appear in the same action so as to create an embarrassment before the jury, which is avoided in automobile liability cases by bifurcating the trial. We do not consider inconsistent positions in separate concurrent suits to be of any greater evil than inconsistent positions in suits tried in sequence. Denial of declaratory relief would prolong the conflict—a declaration of rights would terminate it.

*By the Court.*—The order is reversed, with directions to overrule the demurrer with leave to the defendant Byerly to plead to the merits.