Thomas V. GEOCARIS, M.D., Plaintiff-Appellant and
Cross-Respondent,†

v.

SURGICAL CONSULTANTS, LTD., Defendant-Respondent and
Cross-Appellant.

Court of Appeals

No. 80–163.   Argued September 25, 1980.—
Decided January 27, 1981.
(Also reported in 302 N.W.2d 76.)

For the appellant there were briefs by *Trowbridge,
Planert & Schaefer, S.C.,* and *Cohen, Grant, Zuidmulder
& Gazeley* of Green Bay, and oral argument by *Robert W.
Schaefer.*
For the respondent there was a brief by *Will & Flatley*
and *Robert R. Flatley,* of Green Bay, and oral argument
by *Robert R. Flatley.*
Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J.   Thomas Geocaris appeals from a judg-
ment awarding damages to his former employer, Surgical
Consultants, Ltd., for Geocaris' breach of a restrictive
covenant in his employment contract.   The covenant re-

† Petition to review denied.

stricted Geocaris from practicing as a physician in Brown County for nine months following his termination of employment. Geocaris admits that the time and territory restrictions of the covenant are reasonable, and he acknowledges his breach of the covenant. He claims, however, that restricting him from practicing as a physician was not reasonably necessary for the protection of Surgical Consultants, whose practice was limited to surgery. Because Surgical Consultants failed to offer any evidence to prove its reasonable need to restrict Geocaris from practicing as a physician, exclusive of surgery, we reverse.

A restrictive covenant in an employment contract will be enforced on behalf of an employer only if the restraints imposed are reasonably necessary for the employer's protection. Section 103.465, Stats. The employer has the burden of proving the reasonable necessity of the restraints. Whether a restraint is reasonably necessary has been held to be a question of law that must be resolved with reference to the facts of the particular case. *See Milwaukee Linen Supply Company v. Ring,* 210 Wis. 467, 246 N.W. 567 (1933) ; *Pulp Wood Company v. Green Bay Paper & Fiber Company,* 157 Wis. 604, 147 N.W. 1058 (1914).

The material facts in this case are not in dispute. Surgical Consultants' practice is limited to surgery. Most of its patients are referred from other physicians. Surgical Consultants gave Geocaris an opportunity to make contacts with the referring physicians and to establish his reputation in the area. It could reasonably anticipate a loss of referrals if Geocaris terminated his employment and continued to perform surgery in Brown County. By providing Geocaris with referral contacts, and by aiding development of his reputation among area physicians, Surgical Consultants acquired a protectible right to reasonably prevent competition from Geocaris.

*See Chuck Wagon Catering, Inc. v. Raduege,* 88 Wis.2d 740, 277 N.W.2d 787 (1979).

If this right is to be protected, however, Surgical Consultants must prove that its restrictive covenant imposed no greater restraint on Geocaris than was reasonably necessary to protect its right. Surgical Consultants has proven only that it needed to restrain Geocaris from performing surgery. It has offered no proof that Geocaris' practice as a physician, exclusive of surgery, would compete with its surgical practice. It has also not proven any justifiable need to restrain Geocaris' noncompetitive practice of medicine. The restraint was, therefore, not reasonably necessary.[1] This causes the covenant to be unenforceable. Section 103.465, Stats.

We reject the trial court's conclusion that the restriction was reasonable because Geocaris was not likely to practice medicine in any capacity other than as a surgeon. Although this fact may render immaterial the excessive aspect of the restriction, it is not material to the issue of whether the restriction was reasonably necessary for Surgical Consultants' protection. We are also not persuaded by the decisions cited by Surgical Consultants from other jurisdictions that have enforced restrictive

---

[1] The same conclusion was reached in *Karpinski v. Ingrasci,* 28 N.Y.2d 45, 268 N.E.2d 751 (1971), where the covenant on behalf of an oral surgeon attempted to restrain his employee, also an oral surgeon, from practicing dentistry. The court held that the restraint against practicing dentistry was too broad because the employee would have competed with the employer only if the employee practiced oral surgery. The court modified the restrictive covenant and enforced it to the extent that it was reasonable. Wisconsin courts formerly exercised this same authority. *Fullerton Lumber Co. v. Torborg,* 270 Wis. 133, 70 N.W.2d 585 (1955). This avoided the harsh result of voiding the covenant and thereby denying any protection to an employer with a protectible right. The passage of §103.465, Stats., deprived Wisconsin courts of the authority to modify covenants. *See Lakeside Oil Co. v. Slutsky,* 8 Wis.2d 157, 98 N.W.2d 415 (1959).

covenants prohibiting specialized medical practitioners from practicing medicine in general.[2] These cases are distinguishable, either on the law or on their facts, principally because the employee's general practice of medicine would have resulted in the probability or possibility of competition, which has not been established here.

Based on our conclusion that the covenant in this case is unenforceable, it is not necessary to consider the remaining issues raised by the appeal and cross-appeal. We emphasize, however, that our decision does not determine whether the restriction against all medical practice was reasonably necessary to protect Surgical Consultants. We hold only that the required proof was not presented. We are aware of the confidential nature of the practice of medicine and the ability to delay elective surgery. Coupled with the limited time and area restraints of the covenant, the restriction against all practice of medicine by Geocaris in Brown County may have been reasonably necessary to insure the protections for which Surgical Consultants was entitled to contract. No evidence was offered, however, to support this proposition.

*By the Court.*—Judgment reversed.

[2] *See McMurray v. Bateman,* 221 Ga. 240, 144 S.E.2d 345 (1965); *Marshall v. Covington,* 81 Idaho 199, 339 P.2d 504 (1959); *Canfield v. Spear,* 44 Ill.2d 49, 254 N.E.2d 433 (1969); *Cogley Clinic v. Martini,* 253 Iowa 541, 112 N.W.2d 678 (1962); *Hall v. Willard & Woolsey,* P.S.C., 471 S.W.2d 316 (Ky. 1971); *Granger v. Craven,* 199 N.W. 10 (Minn. 1924); *Willman v. Beheler,* 499 S.W.2d 770 (Mo. 1973); *Lovelace Clinic v. Murphy,* 76 N.M. 645, 417 P.2d 450 (1966).