SECOND DIVISION

                                      Date Filed: June 30, 2005

No. 1-04-0638

JYOTI MOHANTY and RAGHU          ) Appeal from the

RAMADURAI,                       ) Circuit Court of

                                 ) Cook County.

    Plaintiffs and               )

    Counterdefendants-Appellees, )

                                 )

     v.                          ) Cons. Nos. 03 CH 07986 and

                                 )            03 CH 07987

ST. JOHN HEART CLINIC, S.C., and )

JOHN MONTEVERDE,                 ) Honorable

                                 ) Richard A. Siebel,

    Defendants and               ) Judge Presiding.

    Counterplaintiffs-Appellants.) 

     JUSTICE HALL delivered the opinion of the court:

     The plaintiffs and counterdefendants, Jyoti Mohanty, M.D., and Raghu Ramadurai, M.D., filed separate actions for declaratory judgment against their employer, the defendants and counterplaintiffs, St. John Heart Clinic, S.C., and John Monteverde, M.D., alleging that the defendants breached their employment contracts with the plaintiffs.  The defendants filed countercomplaints alleging that the plaintiffs had violated the terms of the restrictive covenants in their employment contracts with the defendants and seeking, 
inter
 
alia
, injunctive relief.  After the suits were consolidated, the circuit court entered temporary restraining orders against the plaintiffs.  Following a hearing, the circuit court denied the defendants' motion for a preliminary injunction.  The defendants bring this interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)).

     On appeal, the defendants raise the following issues: whether the restrictive covenants were overly broad and unreasonable; whether the circuit court abused its discretion when it refused to modify the restrictive covenants; and whether the circuit court abused its discretion when it denied the defendants' motion for a preliminary injunction.

     Dr. Mohanty's employment contract with the defendants provided in pertinent part as follows:

     "For a period of 5 years after the termination of this Agreement, the Employee shall not (within a radius of 5 miles from any of Corporation's offices in Illinois) directly or indirectly own, manage, operate, control, be employed by participating in or be connected in any manner with any office established for the practice of medicine.  In addition, the Employee shall not for a period of 5 years after termination of this Agreement practice at St. Mary of Nazareth Hospital, Norwegian American Hospital, Sacred Heart Hospital, St. Elizabeth Hospital or other hospitals any member of the Corporation is affiliated with."

Dr. Ramadurai's employment agreement with the defendants was identical to that of Dr. Mohanty, except that the duration of the restrictions was three years and within two miles of the corporation's offices.

ANALYSIS

I. Standard of Review

     The decision to grant or deny a preliminary injunction rests within the sound discretion of the trial court, and a reviewing court will not disturb the decision absent a clear abuse of discretion.  
Keefe-Shea Joint Venture v. City of Evanston
, 332 Ill. App. 3d 163, 167, 773 N.E.2d 1155 (2002). 

II. Scope of Review

     In an interlocutory appeal pursuant to Rule 307(a)(1), the only question before the reviewing court is whether there was a sufficient showing made to the trial court to sustain its order granting or denying the interlocutory relief sought.  
Keefe-Shea Joint Venture
, 332 Ill. App. 3d at 168.  The rule may not be used to determine the merits of the case.  
Keefe-Shea Joint Venture
, 332 Ill. App. 3d at 168.

III. Discussion

     A preliminary injunction is a provisional remedy granted to preserve the status quo, 
i.e.
, the last, peaceable uncontested status which preceded the litigation, pending a hearing of the case on the merits.  
Lee/O'Keefe Insurance Agency, Inc. v. Ferega
, 163 Ill. App. 3d 997, 1002, 516 N.E.2d 1313 (1987).  As a general rule, a preliminary injunction will only be granted where the party shows it (1) has a clearly ascertainable right that needs protection, (2) will suffer irreparable harm without the protection, (3) has no adequate remedy at law, and (4) is likely to succeed on the merits.  
Prairie Eye Center, Ltd. v. Butler
, 305 Ill. App. 3d 442, 445, 713 N.E.2d 610 (1999).  The party seeking the injunction need only make a 
prima
 
facie
 showing of evidence on the requisite elements to obtain injunctive relief.  
Prairie Eye Center, Ltd.
, 305 Ill. App. 3d at 445.  

     Medical practices have a protectible interest in the patients of their physicians, and this interest is inferred from the nature of the profession.  
Prairie Eye Center, Ltd.
, 305 Ill. App. 3d at 447.  The threat of irreparable injury is related to proof of a protectable interest, and once such an interest is established, there is a presumption that injury to the party seeking the injunction will follow if the interest is not protected.  
Morrison Metalweld Process Corp. v. Valent
, 97 Ill. App. 3d 373, 380, 422 N.E.2d 1034 (1981).  The likelihood that the party seeking the injunction will prevail on the merits is related to the reasonableness of the restrictive covenant.  
Valent
, 97 Ill. App. 3d at 380.  Where the limitation as to time and territory is not unreasonable, a restrictive covenant is valid and enforceable, and relief by injunction is reasonable and proper.  
Prairie Eye Center, Ltd.
, 305 Ill. App. 3d at 445. 

      Initially, the parties disagree on the basis for the circuit court's finding that the covenant was overly broad and unreasonable.  After determining that the geographical limitations of the covenants were "well within the ranges of proof by reported case law," the court stated as follows:

     "The temporal restrictions are somewhat problematic.  At the hearing, Dr. Monteverde testified that it takes a minimum of three to five years to develop a referral base and that it took some ten years prior to the arrival of Dr. Ramadurai for St. John to establish its reputation and practice.

      It is significant, however, that Dr. Ramadurai [
sic
]
(footnote: 1) also testified that he imposed a three-year restriction on Dr. Ramadurai because it just came into his mind, and he imposed a five-year restriction on Dr. Mohanty because he did not trust him.

      The activity restrictions clearly are greater than necessary to protect the interest of St. John.  Dr. Monteverde and St. John, through Dr. Monteverde, are engaged in the practice of the medical specialty of cardiology.  Dr. Monteverde testified that, also, on occasion, he engages in the practice of internal medicine.

      The only protectable interests, therefore, relate to the practice of cardiology and possibly internal medicine.  The covenants restrict the practice of medicine in all its various fields and specialties.  Clearly, the activity restriction is overly broad and unreasonable." 

     Contrary to the plaintiffs' argument, the circuit court did not find the temporal restrictions of the covenant to be overly broad and unreasonable, but merely "problematic."  Nonetheless, the plaintiffs urge this court to exercise our right as a reviewing court to sustain the decision of the circuit court on any grounds that are called for by the record regardless of whether the circuit court relied on the grounds and regardless of whether the circuit court's reasoning was sound.  
City of Chicago v. Holland
, 206 Ill. 2d 480, 492, 795 N.E.2d 240 (2003).  

     With regard to the temporal restriction, 
the circuit court did not find the time periods unreasonable in length; it merely questioned how Dr. Monteverde arrived at each time period.  Similar temporal restrictions have been upheld as reasonable.  See 
Cockerill v. Wilson
, 51 Ill. 2d 179, 281 N.E.2d 648 (1972) (five years); 
Canfield v. Spear
, 44 Ill. 2d 49, 254 N.E.2d 433 (1969) (three years); 
Prairie Eye Center, Ltd.
, 305 Ill. App. 3d 442 (two years).  The plaintiffs' reliance on
 
House of Vision, Inc. v. Hiyane
, 37 Ill. 2d 32, 225 N.E.2d 21 (1967), is misplaced.  In that case, 
the supreme court determined the covenant was unreasonable in that it was not restricted in time, and the geographic restriction was unreasonable where the employee was restricted from doing business where the employer had no proprietary interest.  
House of Vision, Inc.
, 37 Ill. 2d at 38-39.  

     In the present case, the covenant was restricted in time, and the circuit court found the geographical restriction reasonable.  The evidence does not support a finding that the three- and five-year temporal restrictions were unreasonable.

     The circuit court did find the activity restriction to be overly broad and unreasonable because it was not limited to the practice of cardiology and internal medicine but encompassed the practice of medicine in its entirety.  The defendants argue that numerous cases involving medical doctors have upheld similarly broad activity restrictions even where the employee's medical practice was limited to a particular area.  See 
Canfield
, 44 Ill. 2d 49 (a dermatologist required not to engage in the practice of medicine); 
Prairie Eye Center, Ltd. v. Butler
, 329 Ill. App. 3d 293, 768 N.E.2d 414 (2002) (ophthalmologist restricted from engaging in, associating with or having a financial interest in any medical practice or ophthalmology practice); 
Retina Services, Ltd. v. Garoon
, 182 Ill. App. 3d 851, 538 N.E.2d 651 (1989) (ophthalmologist prohibited from performing medical services).  However, the plaintiffs point out that the courts in those cases never specifically addressed the issue raised in this case, namely, whether a restriction against practicing medicine of any kind is too broad a restriction when the employer's area of medicine is limited in scope. 

In judging the reasonableness of covenants not to compete, Illinois lower courts have focused on a number of different factors: (1) whether the contract is supported by valuable consideration; (2) whether the restraint is greater than necessary to protect the promisee; (3) whether the enforcement of the contract would be injurious to the public; (4) whether enforcement would cause undue hardship to the promisor; (5) whether the durational and geographic scope of the covenant is reasonable; and (6) whether the employer has a protectable business  interest.  
Retina Services, Ltd.
, 182 Ill. App. 3d at 855.  The determination of reasonableness depends on the unique facts and circumstances of each case.  
Eichmann v. National Hospital & Health Care Services, Inc.
, 308 Ill. App. 3d 337, 339, 719 N.E.2d 1114 (1999).        

     The evidence in this case established that the defendants had a protectable business interest and that the geographic and time restrictions were not unreasonable.  The plaintiffs do not dispute that the employment contracts provided that they be compensated for their work.  Dr. Monteverde testified that his practice was limited to cardiology and internal medicine.  However, he also saw patients with other problems and made referrals.  Dr. Ramadurai testified that he was licensed to practice medicine; his areas of practice were internal medicine and cardiology.  Dr. Mohanty testified that his specialty was cardiology and that he was also board-certified in internal medicine. 

     Under the remaining 
Retina Services, Ltd.
 
factors, we find that restricting the plaintiffs from practicing medicine will not cause undue hardship to the plaintiffs.  They are free to practice medicine outside the five-mile limit, which, given the the heavily populated Chicago metropolitan area, would not deprive them of employment.  Based on the testimony, it is not a greater restraint than necessary to protect the defendants.
(footnote: 2)  While internal medicine and cardiology are their specialities, as Dr. Ramadurai pointed out, as a doctor, he is licensed to practice medicine, not just his specialities.  Just as Dr. Monteverde saw patients for conditions unrelated to internal medicine or cardiology, the plaintiffs' specialities do not prevent them from seeing patients in other areas of medicine, if they so chose, placing them in competition with the defendants. 

     In 
Geocaris v. Surgical Consultants, Ltd.
, 100 Wis. 2d 387, 302 N.W.2d 76 (1981), the reviewing court found a restrictive covenant provision barring the plaintiff from practicing medicine unreasonable because the defendant's practice was limited to surgery, and the defendant had offered no evidence to justify the barring of the plaintiff's noncompetitive practice.  The court also rejected the trial court's conclusion that since the plaintiff would not be practicing medicine in any form other than surgery, the excessive aspect of the restriction was not material to the issue of whether the restriction was reasonably necessary.  Finally, the court noted that in other cases, there was a possibility or probability that the employee's general practice of medicine would have resulted in competition.  
Geocaris
, 100 Wis. 2d at 389-390, 302 N.W.2d at 78-79.  However, unlike the present case,  
Geocaris
 was an appeal after a trial on the merits, and here, the defendants presented evidence that Dr. Monteverde saw patients for conditions not strictly related to cardiology or internal medicine.

     Finally, there is no evidence that enforcement of the restriction in this case will cause a shortage of doctors in the area or result in any other injury to the public.  The plaintiffs argue that Dr. Monteverde cannot handle the patient load formerly carried by the three doctors.  However, as our supreme court stated, "[i]t cannot be said that the public interest is adversely affected if a physician decides to move from one community to another, nor does it become so if the move results from some agreement made in advance."  
Canfield
, 44 Ill. 2d at 52.  We conclude that restricting the plaintiffs from the practice of medicine was not overly broad or unreasonable under the facts of this case.

     The plaintiffs argue that the defendants cannot succeed on the merits because the defendants breached the plaintiffs' employment contracts by failing to pay them according to the contract terms, rendering the employment contracts unenforceable. 

While acknowledging that the circuit court found that the evidence failed to establish a breach of contract, the plaintiffs again request this court to exercise our authority to affirm the decision, if not the reasoning, of the circuit court. 

     The plaintiffs note that where an employer breaches an employment contract in a material way, the contract's restrictive covenant is no longer binding on the employee.  
C.G. Caster Co. v. Regan
, 88 Ill. App. 3d 280, 285, 410 N.E.2d 422 (1980); see also 
Galesburg Clinic Ass'n v. West
, 302 Ill. App. 3d 1016, 706 N.E.2d 1035 (1999) (breach of a partnership agreement can operate to discharge the duties of a covenant not to compete where the breach is material).  However, 
Galesburg Clinic Ass'n
 did not involve preliminary judgment proceedings.  
There, the plaintiff filed an action for a declaration of rights as to a covenant-not- to-compete clause; the defendants counterclaimed for breach of the partnership agreement.  The appeal was taken from the trial court's finding of a material breach that discharged the defendants' duties under the covenant not to compete.  
Galesburg Clinic Ass'n
, 302 Ill. App. 3d at 1017.  

     Moreover, the history of the litigation in 
C.G. Caster Co.
 does not support the plaintiffs' position in this case.  That  case began when the employee filed a declaratory judgment action against his employer seeking damages and a declaration that the restrictive covenant in his contract was void.  Subsequently, the employer filed a complaint to enjoin the employee's violation of the restrictive covenant, and the employee counterclaimed raising the same claims as in his declaratory judgment action.  The trial court denied the employer's request for a temporary injunction, and the employer appealed.

     On appeal, the employee argued that the motion for a temporary injunction was properly denied since the employer failed to comply with its obligations under the contract.  
C.G. Caster Co. v. Regan
, 43 Ill. App. 3d 663, 666, 357 N.E.2d 162 (1976).  In rejecting the employee's argument, the reviewing court stated as follows:

     "'The purpose of an interlocutory, preliminary or temporary injunction is quite clear.  Such a decree is granted before a trial on the merits of a case for the purpose of preventing a threatened wrong, or any further perpetration of injury, in order to preserve the status quo with the least injury to the parties concerned. [Citation.]  It is not the purpose of such an injunction to determine any controverted rights nor to decide the merits of a case.  [Citation.]' [Citation.]

     Notwithstanding the fact that the [employee] here raises issues which may arguably void the restrictive covenant (
e.g.
 lack of cause for termination of employment and failure of [the employer] to satisfy its financial obligations under the contract), the [employer] has sufficiently raised a fair question as to the existence of its contractual rights, and has shown it will probably be entitled to the relief prayed for if proof should sustain its allegations."  
C.G. Caster Co.
, 43 Ill. App. 3d at 666-67, quoting 
Grillo v. Sidney Wanzer & Sons, Inc.
, 26 Ill. App. 3d 1007, 1011, 326 N.E.2d 180 (1975).

After rejecting the employee's argument that the restrictive covenant was an unfair restraint of trade, the reviewing court reversed the denial of the temporary injunction and ordered the trial court to enter a temporary injunction pending a disposition on the merits.  
C.G. Caster Co.
, 43 Ill. App. 3d at 667-68.
(footnote: 3)
Likewise, in the present case, the plaintiffs must wait for a hearing on the merits to determine if the defendants breached the employment contracts in a material way that would void the restrictive covenants. 

     We also reject the plaintiffs' argument that restrictive covenants in physician-employment contracts are void as against public policy.  In 
Dowd & Dowd, Ltd. v. Gleason
, 181 Ill. 2d 460, 693 N.E.2d 358 (1998), our supreme court held that restrictive covenants in attorney-employment contracts were unenforceable.  
Dowd & Dowd, Ltd.
, 181 Ill. 2d at 479-83; see also 
Hoff v. Mayer, Brown & Platt
, 331 Ill. App. 3d 732, 772 N.E.2d 263 (2002) (an exception exists for noncompetition agreements in attorney retirement plans).  Based on the 
Dowd & Dowd, Ltd.
 analysis, 
the Fifth District Appellate Court held that restrictive covenants in physician-employment contracts were unenforceable as against public policy. See 
Carter-Shields v. Alton Health Institute
, 317 Ill. App. 3d 260, 739 N.E.2d 569 (2000).  However, as the plaintiffs acknowledge, that portion of the appellate court's decision was vacated by the supreme court as advisory.  See 
Carter-Shields v. Alton Health Institute
, 201 Ill. 2d 441, 464, 777 N.E.2d 948 (2002).

     In 
Prairie Eye Center, Ltd.
, the reviewing court held
 that restrictive covenants in physician-employment contracts do not violate public policy.  The court rejected the reasoning of the appellate court in 
Carter-Shields
 noting that, unlike the rules governing attorney conduct, the rules governing physicians conduct did not have the force of law.  The court further noted that the Illinois courts have consistently upheld noncompetition agreements in the medical profession.  
Prairie Eye Center, Ltd.
, 329 Ill. App. 3d at 300.  We agree 
that, in light of existing precedent, any change as to the enforceability of such covenants is for our supreme court or the legislature.  
Prairie Eye Center, Ltd.
, 329 Ill. App. 3d at 300.   

     Based on the evidence, we conclude that the defendants have made a 
prima
 
facie
 showing that they are entitled to a preliminary injunction to preserve the status quo until a hearing is held on the merits of the complaint and countercomplaint. 

Therefore, the circuit court abused it discretion when it denied the defendants' motion for a preliminary injunction.

     The judgment of the circuit court is reversed, and the cause is remanded with directions to enter a preliminary injunction pending disposition of the case on its merits.

     Reversed and remanded with directions.

     WOLFSON and GARCIA, JJ., concur.

      

        

     

     

     

     

   

          

     

     

FOOTNOTES
1:
At the hearing on the motion for reconsideration, the circuit court noted that the reference to Dr. Ramadurai was a mistranscription. 

2:
The plaintiffs point out that the restrictive covenants bar them from practicing at Sacred Heart Hospital even though Dr. Monteverde testified that he did not go to Sacred Heart Hospital.  Dr. Monteverde also testified that he was on the staff at Sacred Heart Hospital, and even though he was not yet over there, he expected to be.

3:
Following a hearing on the merits, the trial court held that the employer did not abide by the terms of the contract and could not seek enforcement of the restrictive covenant.  That finding was affirmed on appeal.  
C.G. Caster Co.
, 88 Ill. App. 3d 280.