Rule 23 order filed
October 16, 2009;
Motion to publish granted
November 24, 2009.

NO. 5-07-0711

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| WILLIAM CARR, Individually and on Behalf of All Others Similarly Situated, | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
|    Plaintiff-Appellee, | ) |
| v. | ) No. 03-L-1271 |
| GATEWAY, INC., | ) Honorable<br>) Ralph J. Mendelsohn, |
|    Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

The defendant, Gateway, Inc. (Gateway), appeals the order of the circuit court of Madison County that denied its motion to dismiss or in the alternative to compel arbitration and stay proceedings (motion to compel arbitration) on the claims raised in the class action complaint filed by the plaintiff, William Carr, individually and on behalf of all others similarly situated. For the following reasons, we affirm.

FACTS

On June 3, 2002, a class action complaint was filed in cause number 02-L-788, styled Deanna L. Neubauer, Robert Carr, Michael Bundy, Sandra Pyle, and Rhonda Byington, individually and on behalf of all others similarly situated v. Intel Corporation, Gateway, Inc., Hewlett-Packard Company, and HP Direct, Inc. The complaint alleges that Intel Corp. (Intel), in the marketing of its Pentium 4 processors, and Gateway, Hewlett-Packard Company, and H-P Direct (HP), in the marketing of their Pentium 4 computers, have engaged in conduct which is likely to mislead, and has misled, the public through the suppression and concealment from the public of the material fact that there is no benefit to

1

consumers in choosing the Pentium 4 over the Pentium III and that the Pentium 4 is less powerful and slower than the Pentium III and/or the AMD Athlon processors. The complaint further alleges that the defendants made or disseminated misleading statements regarding the power and speed of the Pentium 4.

Counts IV, V, and VI of the complaint were initially brought by Robert Carr against Gateway and allege causes of action pursuant to the California Consumers Legal Remedies Act (Cal. Civ. Code §1750 *et seq.* (West 2000)), section 17200 of the California Business and Professions Code (Cal. Bus. & Prof. Code §17200 (West 2000)), and the Illinois Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/1 *et seq.* (West 2000)), respectively. On August 19, 2003, the circuit court granted the plaintiff's motion to amend the complaint by interlineation to change all references of Robert Carr to William Carr. On September 3, 2003, the circuit court severed counts IV, V, and VI of the complaint from the other counts, and this new cause was later assigned case number 03-L-1271, which is the cause on appeal.

On September 17, 2003, Gateway filed a motion to dismiss or alternatively to stay proceedings and compel arbitration, arguing that William Carr's wife, Lynn Carr, purchased the computer at issue from Gateway Country Stores, LLC, on May 19, 2001, that her purchase was subject to a "Limited Warranty Terms and Conditions Agreement" (the Agreement), and that the Agreement contained an arbitration clause which would encompass the complaint at issue. Section 8 of the Agreement provides, "This Agreement is governed by the laws of the State of South Dakota, without giving effect to conflicts of laws rules." Section 9 of the Agreement states as follows:

"**9. DISPUTE RESOLUTION.** You agree that any Dispute between You and Gateway will be resolved exclusively and finally by arbitration administered by the National Arbitration Forum (NAF) and conducted under its rules, except as otherwise

2

provided below.  The arbitration will be conducted before a single arbitrator[] and will be limited solely to the Dispute between You and Gateway.  The arbitration shall be held at any reasonable location near your residence by submission of documents, by telephone, online[,] or in person.  Any decision rendered in such arbitration proceedings will be final and binding on each of the parties, and judgment may be entered thereon in any court of competent jurisdiction.  Should either party bring a Dispute in a forum other than NAF, the arbitrator may award the other party its reasonable costs and expenses, including attorneys' fees, incurred in staying or dismissing such other proceedings or in otherwise enforcing compliance with this dispute resolution provision.  **You understand that You would have had a right to litigate disputes through a court[] and that You have expressly and knowingly waived that right and agreed to resolve any Disputes through binding arbitration.**  This arbitration agreement is made pursuant to a transaction involving interstate commerce[] and shall be governed by the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq.*  For the purposes of this section, the term 'Dispute' means any dispute, controversy, or claim arising out of or relating to (i) this Agreement, its interpretation, or the breach, termination, applicability[,] or validity thereof[] or (ii) the purchase or use of any product, accessory, service[,] or otherwise from Gateway; the term 'Gateway' means Gateway, Inc., its subsidiaries, affiliates, directors, officers, employees, beneficiaries, agents[,] or assigns; the term 'You' means you the original purchaser, your agents, beneficiaries[,] or heirs.  Information may be obtained from the NAF on line at www.aba-forum.com, by calling 800-474-2371[,] or writing to P.O. Box 50191, Minneapolis, MN, 54405."  (Emphasis in original.)

On November 27, 2007, the circuit court held an evidentiary hearing on Gateway's motion to compel arbitration.  The plaintiff's attorney, Aaron Zigler, testified as a witness.

Mr. Zigler testified about his education and experience as a class action litigation attorney. Mr. Zigler testified that he is the handling attorney in the present case, as well as the handling attorney in the case from which the present case was severed, which is styled as Barbara's Sales, Inc. *et al.*, individually and on behalf of all others similarly situated v. Intel Corporation. At the time of Mr. Zigler's testimony, Barbara's Sales, Inc., was pending before the Illinois Supreme Court for review of whether or not the class should be certified. Mr. Zigler testified that the factual allegations against Intel in Barbara's Sales, Inc., and the factual allegations against Gateway in the case at bar are the same. Mr. Zigler explained that in each of the cases, the plaintiffs are alleging that the defendants violated consumer protection laws throughout the country by failing to disclose the material fact that the Pentium 4 is slower than the Pentium III, or not any faster, and by promoting the products knowing that they are no faster.

Following the evidentiary hearing, the circuit court ruled from the bench that the Agreement was not a part of the sales contract that was entered into by the parties. The circuit court further ruled that even if the Agreement was a part of the contract, the arbitration clause is unconscionable. The circuit court found that the clause was nonnegotiable, a part of a preprinted form, and was not read by the plaintiff until numerous days after he had purchased the computer. The circuit court also found that the terms of the arbitration clause were one-sided, that the plaintiff could be saddled with tremendous costs in pursuing his claim before the NAF, and that the plaintiff would be prohibited from pursuing his claim as a class action. Finally, the circuit court found that the plaintiff would be prohibited by the NAF from pursuing a claim for punitive damages.

On November 29, 2007, two days following the hearing on Gateway's motion to compel arbitration in the case at bar, the Illinois Supreme Court issued an opinion in *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45 (2007). The certified question before the

4

court in *Barbara's Sales, Inc.* was as follows:

> " 'Whether the circuit court erred in certifying a class of Illinois consumers under Illinois law, rather than certifying a nationwide or Illinois class under California law (as plaintiffs requested) or holding that the action should not proceed as a class action (as Intel requested).' " 227 Ill. 2d at 57.

After holding that Illinois law applies to the allegations in the plaintiffs' complaint, the Illinois Supreme Court held that it "need not determine whether plaintiffs satisfy class requirements because, as a threshold matter, the representation identified by the plaintiffs does not form the basis of an actionable claim under the Consumer Fraud Act." *Barbara's Sales, Inc.*, 227 Ill. 2d at 71-72. The court held that the representation that the Pentium 4 was the best and fastest on the market is nothing more than puffery and therefore is not a "deceptive act" within the purview of the Act. *Barbara's Sales, Inc.*, 227 Ill. 2d at 73. Because the plaintiffs could not prove a claim under the Act, the court, answering the certified question, held that the action should not proceed as a class action. *Barbara's Sales, Inc.*, 227 Ill. 2d at 77.

On December 12, 2007, the circuit court entered an order in the case at bar that restated its rulings from the bench and denied Gateway's motion to compel arbitration. Gateway filed a timely notice of appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)). After this court heard oral argument and took the case under advisement, the NAF announced that it would cease administering all consumer arbitrations. See http://www.adrforum.com/newsroom.aspx?itemID=1528 (last visited September 14, 2009). This court ordered the parties to submit supplemental briefs to address the impact the unavailability of the NAF has upon the issues before this court on appeal.

## ANALYSIS

We begin our analysis with a statement regarding the scope of our review. "An order

[granting or denying a motion] to compel arbitration is injunctive in nature and is appealable under Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1))." *Carter v. SSC Odin Operating Co., LLC*, 381 Ill. App. 3d 717, 719-20 (2008). "In an interlocutory appeal pursuant to Rule 307(a)(1), the only question \*\*\* is whether there was a sufficient showing made to the trial court to sustain its order granting or denying the interlocutory relief sought." *Mohanty v. St. John Heart Clinic, S.C.*, 358 Ill. App. 3d 902, 905 (2005), *aff'd*, 225 Ill. 2d 52 (2006). "The rule may not be used to determine the merits of the case." *Mohanty*, 358 Ill. App. 3d at 905. Accordingly, although we are cognizant of the Illinois Supreme Court's pronouncement that there can be no class certification because there is no cause of action in a case that the plaintiff's counsel has stated on the record contains identical facts to the case at bar, we are limited to a review of the circuit court's order denying Gateway's motion to compel arbitration.

The circuit court's order denying Gateway's motion to compel was based primarily on its finding that the Agreement was not a part of the contract for the purchase of the Gateway computer. Assuming, without deciding, that the Agreement was a part of the contract, the arbitration clause at issue states that any dispute between the consumer and Gateway "will be resolved exclusively and finally by arbitration administered by the National Arbitration Forum (NAF) and conducted under its rules, except as otherwise provided below." The Agreement does not provide for an alternative forum. Since this case was taken under advisement, the NAF has ceased administering consumer arbitrations. Because we can affirm the circuit court's order on any basis in the record, we will evaluate the impact the unavailability of the NAF has upon the validity of the arbitration provision.

In its supplemental brief, Gateway concedes that the NAF has ceased administering consumer arbitrations but argues that section 5 of the Federal Arbitration Act (9 U.S.C. §5 (2006)) provides a method for appointing an alternative arbitration forum under the

Agreement. Section 5 of the Federal Arbitration Act provides in relevant part as follows:

"If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein ***." 9 U.S.C. §5 (2006).

Gateway argues that there has been a "lapse in the naming of an arbitrator" under section 5 of the Federal Arbitration Act. The courts are split regarding whether section 5 applies in cases such as this, where the parties have specified an exclusive arbitral forum but that forum is no longer available. *Grant v. Magnolia Manor-Greenwood, Inc.*, 383 S.C. 125, 130-31, 678 S.E.2d 435, 438 (2009). Those courts that have found section 5 to be applicable have made clear that if the chosen forum is an integral part of the agreement to arbitrate, rather than an " ' "ancillary logistical concern," ' " then the failure of the chosen forum will preclude arbitration because courts may not use section 5 " 'to circumvent the parties' designation of an exclusive arbitral forum.' " *Grant*, 383 S.C. at 131, 678 S.E.2d at 438 (quoting *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000), and *In re Salomon Inc. Shareholders' Derivative Litigation*, 68 F.3d 554, 561 (2d Cir. 1995)).

We find that the specific designation of the NAF as the exclusive arbitration forum is an integral part of the arbitration clause in the Agreement. The NAF has a very specific set of rules and procedures that has implications for every aspect of the arbitration process. "[T]he designation of a [specific arbitral] forum such as the [NAF] 'has wide-ranging

substantive implications that may affect, *inter alia*, the arbitrator-selection process, the law, procedures, and rules that govern the arbitration, the enforcement of the arbitral award, and the cost of the arbitration.' " *Grant*, 383 S.C. at 132, 678 S.E.2d at 439 (quoting *Singleton v. Grade A Market, Inc.*, 607 F. Supp. 2d 333, 340 (D. Conn. 2009)). In addition, the language of the Agreement makes clear that Gateway intended for the selection of the NAF to be integral to the arbitration provision, when it provided, "Should either party bring a Dispute in a forum other than NAF, the arbitrator may award the other party its reasonable costs and expenses, including attorneys' fees, incurred in staying or dismissing such other proceedings or in otherwise enforcing compliance with this dispute resolution provision."

We find that the selection of the NAF is neither logistical nor ancillary and is thus an integral part of the agreement to arbitrate in this case. Accordingly, section 5 of the Federal Arbitration Act cannot be used to reform the arbitration provision, and we must affirm the circuit court's denial of Gateway's motion to compel arbitration on the basis of the unavailability of the NAF.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's order denying Gateway's motion to compel arbitration.


Affirmed.


DONOVAN and STEWART, JJ., concur.

NO. 5-07-0711

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| WILLIAM CARR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03-L-1271 |
| GATEWAY, INC., | ) ) ) | Honorable Ralph J. Mendelsohn, |
| Defendant-Appellant. | ) ) | Judge, presiding. |

**Rule 23 Order Filed:** October 16, 2009
**Motion to Publish Granted:** November 24, 2009
**Opinion Filed**: November 24, 2009

**Justices**: Honorable Stephen L. Spomer, J.

Honorable James K. Donovan, J., and
Honorable Bruce D. Stewart, J.,
Concur

**Attorneys for Appellant**

John T. Walsh, Peter Maginot, Lathrop & Gage, L.C., 10 South Broadway, Suite 1300, St. Louis, MO 63102-1708

Stephen M. Hogan (*pro hac vice*), 1133 6th Avenue, Suite 207, San Diego, CA 92101

**Attorneys for Appellee**

Stephen M. Tillery, Aaron M. Zigler, Korein Tillery, LLC, One US Bank Plaza, 505 N. 7th Street, Suite 3600, St. Louis, MO 63101; Stephen A. Swedlow, Maximilian C. Gibbons, Korein Tillery, LLC, 205 N. Michigan Ave., Suite 1940, Chicago, IL 60601; Robert L. King, One US Bank Plaza, 505 N. 7th Street, Suite 3600, St. Louis, MO 63101

Daniel A. Edelman, Edelman, Combs, Latturner & Goodwin, L.L.C., 120 S. LaSalle Street, 18th Floor, Chicago, IL 60603 (**NO BRIEF FILED**)